IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHANT ENGINEERING CO., INC.** : | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 20-4559 |
| **v.** | : | |
| | : | |
| **CUMBERLAND SALES** | : | |
| **COMPANY**, *et al*. | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 17th day of December 2020, upon consideration of Plaintiff's *amended motion for a preliminary injunction*, [ECF 42], Defendants' responses in opposition, [ECF 47, 48], Plaintiff's replies, [ECF 59, 61], and the verified amended complaint with its attachments, [ECF 36], it is hereby **ORDERED** that the motion for a preliminary injunction is **DENIED**.[1]

---

[1] In the amended complaint, Plaintiff Chant Engineering Co., Inc. ("Plaintiff") asserts various state law claims primarily based on allegations that Defendants designed, manufactured, and sold certain types of machinery (the "Equipment"), the exclusive rights to which Defendant Cumberland Sales Company ("Cumberland") sold to Plaintiff in a 2014 Asset Purchase Agreement (the "Agreement"). [ECF 36]. Plaintiff also asserts federal copyright infringement claims against all Defendants premised on its allegation that Defendants' design, manufacture, and/or sale of the Equipment necessarily required Defendants' wrongful use of Plaintiff's copyrighted drawings. Based on these allegations, Plaintiff filed the instant amended motion for preliminary injunction, moving to enjoin Defendants from advertising, manufacturing, or selling any Equipment included in the Agreement and from using, reproducing, distributing, or producing derivative works based on its copyrighted drawings. [ECF 43].

Federal Rule of Civil Procedure ("Rule") 65 governs the issuance of preliminary injunctions. Such relief is extraordinary in nature and available only in limited circumstances. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A court deciding a request for preliminary injunctive relief must consider four factors: (1) whether the movant has shown a probability of success on the merits; (2) whether the movant will be irreparably injured if relief is denied; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief is in the public interest. *Crissman v. Dover Downs Ent. Inc.*, 239 F.3d 357, 364 (3d Cir. 2001).

In *Reilly v. City of Harrisburg,* 858 F.3d 173, 179 (3d Cir. 2017), the United States Court of Appeals for the Third Circuit ("Third Circuit") clarified the burden on a movant when seeking preliminary injunctive relief and held that the movant must first demonstrate "a better than negligible chance" of prevailing on the merits and that "it is more likely than not" that the movant will suffer irreparable harm in the absence of a preliminary injunction. *Reilly*, 858 F.3d at 179. If a movant meets these two threshold requirements, the district court then "considers the remaining two factors and determines, in its sound discretion, whether the balance of the four factors weigh in favor of granting injunctive relief." *Id.* "The irreparable harm alleged must be actual and imminent, not merely speculative." *Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018). Further, a district court is not required to hold a hearing on a moving party's request for a preliminary injunction "when the movant has not presented a colorable factual basis to support the claim on the merits

or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990).

Here, Plaintiff seeks a preliminary injunction with respect to its claims for breach of contract, unjust enrichment, copyright infringement, and contributory copyright infringement. After a careful review of the parties' submissions, this Court concludes that Plaintiff has failed to establish that it has a "better than negligible" likelihood of prevailing on the merits of any of its claims. As such, Plaintiff has not met its burden with respect to the extreme remedy of a preliminary injunction. Plaintiff's claims will each be addressed below.

### Breach of Contract Claims

In the amended complaint, Plaintiff asserts breach of contract claims against Defendant Cumberland and Defendants Patrick and Patricia Poe (the "Poe Defendants"), premised on these three Defendants' alleged breach of various provisions of the Agreement. Notably, only Plaintiff and Defendant Cumberland were parties to that contract. Notwithstanding, Plaintiff asserts the same breach of contract claims against the Poe Defendants. Defendants argue that Plaintiff has not shown a likelihood of success on its contract claims against the Poe Defendants because they were not parties to the Agreement. In its reply, Plaintiff concedes, as it must, that the Poe Defendants are not parties to the Agreement, but argues that this Court should pierce the corporate veil of Cumberland, in order to attach liability for any breach of the Agreement to the Poe Defendants, the alleged alter egos of Cumberland.

It is well-settled under Pennsylvania law that courts "will not pierce the [corporate] veil unless exceptional circumstances warrant such an exceptional remedy." *Accurso v. Infra-Red Servs.*, 23 F. Supp. 3d 494, 509 (E.D. Pa. 2014) (citing *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995)). Before doing so, courts consider factors such as "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetuate a fraud." *Id*. Here, the amended complaint merely states in conclusory fashion that "Cumberland was undercapitalized; the shareholders and/or officers failed to adhere to corporate formalities; and the corporation was directed by Patrick Poe and Patricia Poe to commit copyright infringement and breach of contract." (Am. Comp., ECF 36, at ¶ 49). Plaintiff does not allege any facts to substantiate any of these conclusions. In its motion, Plaintiff does not discuss its request to pierce the corporate veil, despite its burden to demonstrate a likelihood of success on its claims. On this record, Plaintiff falls woefully short of demonstrating a likelihood of success on its contract claims against the Poe Defendants.

Plaintiff has also failed to show a likelihood of success on its breach of contract claims against Cumberland. Though Cumberland was a party to the Agreement, Cumberland has presented evidence (by way of the sworn declaration of its current Chief Executive Officer, Matthew Cheek) that Cumberland was sold to its current owners on August 1, 2016, and that since then has not been affiliated with any of the Defendants. In addition, Cumberland refutes Plaintiff's allegation that, "on information and belief," Cumberland manufactured or assisted in the manufacture of the equipment at issue, used Plaintiff's customer lists, or failed to refer business inquiries to Plaintiff. In fact, Cumberland attests that it does not design, manufacture, or sell equipment of any kind. Under these circumstances, and in light of the disputed issues of fact as to any breach by Cumberland, this Court finds that Plaintiff has not demonstrated a likelihood of success on the merits of its contract claims against Cumberland.

### Unjust Enrichment Claims

Plaintiff also asserts unjust enrichment claims against all Defendants premised on the Defendants' alleged manufacture and sale of the Equipment and the wrongful use of Plaintiff's copyrighted works and

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

customer lists. Specifically, Cumberland argues that it cannot be liable for unjust enrichment when there is no question that the claim is premised on the breach of obligations owed under a contract. Notably, Plaintiff did not respond to this argument in its reply. This Court agrees with Cumberland. *Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985) (holding under Pennsylvania law that "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract.") (citation omitted). As such, Plaintiff has not shown a likelihood of success on the merits of its unjust enrichment claim against Cumberland.

In addition, Defendants argue that Plaintiff has not shown a likelihood of success on the merits of this unjust enrichment claim because it is preempted by the Copyright Act. This Court agrees. The bulk of Plaintiff's unjust enrichment claim is premised on assertions that Defendants exploited Plaintiff's alleged copyrighted works without permission and without paying Plaintiff. Such a claim is preempted by the Copyright Act. *See Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 453 (E.D. Pa. 2015) (holding "[a]n unjust enrichment claim asserting that the defendant exploited the plaintiff's intellectual property without paying for it is nothing more than a copyright infringement claim."); *Quadratic, Inc. v. Turn 5, Inc.*, 2015 WL 4876314, at *13 (E.D. Pa. Aug. 13, 2015) ("Among courts within the Third Circuit, it is clearly established that an action for unjust enrichment is preempted by copyright law.").

In its reply, Plaintiff reiterates that its unjust enrichment claim also includes the allegation that Defendants were unjustly enriched when they manufactured and sold the Equipment after the rights to do so were sold to Plaintiff for $600,000. Even if this characterization of Plaintiff's claim could avoid the Copyright Act's preemption, Plaintiff has not made a "clear showing of immediate irreparable injury." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). To the contrary, any unjust enrichment claim premised on this fact pattern would likely be compensable by monetary damages. As such, Plaintiff has not met its burden for a preliminary injunction with respect to its unjust enrichment claims.

### Copyright Infringement Claims

Plaintiff asserts claims for copyright infringement and contributory copyright infringement against all Defendants premised on its "upon information and belief" allegations that Defendants designed, manufactured, and/or sold the Equipment using Plaintiff's copyrighted drawings. Plaintiff's allegations as to Defendants' use of the copyrighted drawings, however, are premised entirely on its contention that Defendants might have used them because Defendants (or some of them) had access to the drawings and manufactured the Equipment at issue. Indeed, in its reply, Plaintiff highlights the speculative nature of its allegations to support its copyright claims; *to wit*: "Chant's basis for its copyright claims is that the defendants, ***based on information and belief, must have made copies of the Copyrighted Works***." (ECF 61, at p. 8) (emphasis added). Notably, Defendant Cumberland, through its CEO's sworn declaration, attests that Cumberland never had possession of, or made use of, Plaintiff's copyrighted drawings. Because Plaintiff's claim is admittedly premised on mere speculative allegations—allegations refuted by Defendants' own sworn declarations—this Court cannot conclude that Plaintiff has demonstrated a likelihood of success on the merits of its copyright infringement claims.

For the reasons set forth, Plaintiff's motion for a preliminary injunction is denied.