**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHANT ENGINEERING CO. INC.** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 20-4559** |
| **v.** | : | |
| | : | |
| **CUMBERLAND SALES COMPANY, *et al.*** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                        MARCH 3, 2021

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a *motion to dismiss for lack of personal jurisdiction*, filed by Defendant Patrick Poe ("Patrick Poe"), [ECF 43], which Plaintiff Chant Engineering Co. Inc. ("Plaintiff" or "Chant") has opposed.  [ECF 52].[1]  In his motion, Patrick Poe argues that this Court lacks general and specific personal jurisdiction over him because he is not a resident of Pennsylvania and because Plaintiff's claims do not arise out of any contacts Patrick Poe has or had with Pennsylvania.  The issues presented in the motion have been fully briefed and are ripe for disposition.  After careful consideration and for the reasons set forth herein, Patrick Poe's motion is granted.

## BACKGROUND[2]

In 2013, Philip Chant, President of Chant Engineering Co. Inc. (a Pennsylvania entity), and Patrick Poe, then-President of Cumberland Sales Company (a Tennessee entity) ("Cumberland"), began discussing the possible sale of Cumberland's various assets, in particular, Cumberland's intellectual property rights in certain equipment.  The parties' negotiations primarily occurred through

---

[1]      The other defendants in this action have each filed their own motions to dismiss.  Those motions will be addressed in separate opinions.

[2]      The facts relevant to the issue of personal jurisdiction are set forth herein.  Where undisputed, the facts are taken from the parties' pleadings and supporting declarations.  Where the facts are disputed, they are construed in Plaintiff's favor.

emails and telephone calls from and to the parties' respective locations in Tennessee and Pennsylvania. During these negotiations, no one from Cumberland, including Patrick Poe, ever traveled to Pennsylvania. However, Mr. Chant, on Plaintiff's behalf, traveled to Tennessee on multiple occasions.

On April 15, 2014, Chant and Cumberland entered into an Asset Purchase Agreement, pursuant to which Cumberland sold Chant certain intellectual property rights to various equipment and Cumberland's "customer lists, sales leads, quotes, etc." As part of the agreement, Cumberland agreed not to compete with Chant for a defined period of time and to refer future business inquiries for the referenced equipment to Chant.

On August 1, 2016, Matthew Cheek (who is not a party to this lawsuit) purchased the stock of Cumberland from Patrick Poe. Since that date, Patrick Poe has had no interest in, or held any position with, Cumberland.

Sometime in 2020, Defendants Melissa Hood and Evans Hood, daughter and son-in-law of Patrick Poe and Patricia Poe, created Defendant MOE Machines, LLC. Plaintiff alleges that Patrick Poe, with the other Defendants, is manufacturing and selling equipment, the rights to which were sold to Plaintiff.

In the amended complaint, Plaintiff alleges that Patrick Poe, along with Defendants Cumberland and Patricia Poe, breached the Asset Purchase Agreement by (1) designing, manufacturing, and selling equipment that was associated with the rights sold through the agreement, (2) using customer lists transferred to Plaintiff, and (3) failing to refer business to Plaintiff. Plaintiff also alleges that Patrick Poe made various misrepresentations in the Asset Purchase Agreement, and produced works in violation of Plaintiff's copyright in specific technical drawings Plaintiff acquired by the Asset Purchase Agreement.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant has raised a lack of jurisdiction defense, the burden shifts to the plaintiff to present a *prima facie* case establishing jurisdiction over the non-resident defendant in the forum. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *see also Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction."). The plaintiff has the

burden to show, "with reasonable particularity," enough contact between the defendant and the forum state to support the exercise of personal jurisdiction by the forum state. *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) ("In order to establish a *prima facie* case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.").

In determining the existence of personal jurisdiction, courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368. Once the plaintiff's "allegations are contradicted by an opposing affidavit . . . [the plaintiff] must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009). To counter opposing affidavits, "[p]laintiffs may not repose upon their pleadings []. Rather, they must counter defendant['s] affidavits with contrary evidence in support of purposeful availment jurisdiction." *Id*. at 559. To that end, the "plaintiff must respond to the defendant's motion with 'actual proofs;' 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'" *Lionti v. Dipna, Inc.*, 2017 WL 2779576, at *1 (E.D. Pa. June 27, 2017) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

**DISCUSSION**

Patrick Poe, a Tennessee resident, moves to dismiss this action based on the lack of requisite sufficient minimum contacts with Pennsylvania to support personal jurisdiction in this forum. In response, to support this Court's jurisdiction over its claims against Patrick Poe, Plaintiff relies primarily on Patrick Poe's conduct on behalf of Cumberland in entering into a contract with

Plaintiff to argue that these contacts are sufficient to sustain specific jurisdiction over Patrick Poe.[3] Plaintiff's reliance, however, is misplaced.

A federal court may assert jurisdiction over a nonresident of the forum state to the extent authorized by the law of the forum; here, Pennsylvania. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Pennsylvania's long-arm statute grants jurisdiction coextensive with that permitted by the due process clause of the Fourteenth Amendment of the United States Constitution. *Id.*; *see also* 42 Pa. Cons. Stat. § 5322(b). Therefore, this Court's analysis must focus on federal due process requirements. *Applied Tech. Int'l, Ltd. v. Goldstein*, 2004 WL 2360388, at *2 (E.D. Pa. Oct. 20, 2004). A court's constitutional inquiry is guided by the "minimum contacts" test established in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under this standard, a plaintiff must show that a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (internal quotations and citation omitted); *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that it may be subject to suit in that forum. *Marten*, 499 F.3d at 296.

A federal court must have one of two forms of personal jurisdiction to comport with these principles: either general jurisdiction or specific jurisdiction. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984)). Here, Plaintiff seeks only the exercise of specific jurisdiction over Patrick Poe. Specific jurisdiction allows the court to hear

---

[3]       In its response, Plaintiff expressly declines to make any argument as to general jurisdiction. (*See* Pltf. Resp., ECF 52, at p. 6).

claims that arise from or relate to the party's contacts with the forum state, such that the defendant should reasonably anticipate being hailed into court in that forum. *Helicopteros*, 466 U.S. at 414 n.8; *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). In determining whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those purposefully directed activities. *Helicopteros*, 466 U.S. at 414. Third, if the first two requirements are met, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal citations omitted); *see also O'Connor*, 496 F.3d at 317. It is well-settled that whether a court has specific jurisdiction over a defendant must be determined on a claim-by-claim basis. *See Marten*, 499 F.3d at 296 (citing *Remick*, 238 F.3d a 255-56). Accordingly, this Court will determine whether specific jurisdiction over Patrick Poe exists as to each of Plaintiff's claims against him.[4]

### *Plaintiff's Contract Claims*

In determining whether a court has specific jurisdiction over contract claims, courts consider "the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick*, 238 F.3d at 256 (citations omitted). While a defendant having a contract with a resident of the forum

---

[4]     In cases involving multiple claims and defendants, the Court may evaluate jurisdiction by individual defendant and claim, or may group the analysis of "certain factually overlapping claims" when appropriate. *O'Connor*, 496 F.3d at 318 n.3; *see also Remick*, 238 F.3d at 255. Given the nature of the facts under which Plaintiff's claims arise, this Court will evaluate jurisdiction for all of Plaintiff's contract claims together and all of Plaintiff's tort claims together.

state is relevant to the jurisdictional analysis, "[t]he mere existence of a contract is insufficient to establish minimum contacts." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 261 (3d Cir. 2008) (citing *Burger King*, 471 U.S. at 478); *see also Metcalfe v. Renaissance Marine, Inc*., 566 F.3d 324, 333 n.7 (3d Cir. 2009) ("[A] contract, 'without more, is insufficient to establish minimum contacts,' as are 'informational communications' in furtherance of a contract.") (citations omitted); *Sunbelt Corp. v. Noble, Denton & Assoc., Inc*., 5 F.3d 28, 32 (3d Cir. 1993) ("It is well established, however, that a nonresident's contracting with a forum resident, without more, is insufficient to establish the requisite 'minimum contacts' required for an exercise of personal jurisdiction over the nonresident.") (citations omitted).

Patrick Poe argues that he does not have the requisite contacts with Pennsylvania to establish specific jurisdiction over Plaintiff's contract claims.  In support of his argument, Patrick Poe contends—and Plaintiff does not refute—that *Plaintiff* initiated the business discussions that culminated in the Asset Purchase Agreement.  Patrick Poe never traveled to Pennsylvania to negotiate any part of the agreement.  Mr. Chant, on behalf of Plaintiff, on the other hand, traveled to Tennessee several times to negotiate the purchase and sale of Cumberland's assets, which were located in Tennessee.  Plaintiff sent the closing documentation for the transaction to Cumberland in Tennessee for execution.  Pursuant to the agreement, the closing took place at Cumberland's office in Tennessee.

Though not refuting any of Cumberland's jurisdictional facts, Plaintiff contends that the parties' negotiations were mostly conducted by telephone and email while Plaintiff was located in Pennsylvania, a fact known to Patrick Poe and Cumberland.  Plaintiff also points to the fact that the Asset Purchase Agreement contains a choice of law provision, selecting Pennsylvania law to govern the contract.  To that end, Plaintiff argues that this Court can exercise specific jurisdiction

over its contract-based claims because Patrick Poe knew he was dealing with a Pennsylvania entity, and because the Asset Sales Agreement and any claims arising therefrom are to be governed by Pennsylvania law.  Plaintiff is mistaken.

At the outset of its analysis, the Court reiterates the well-settled law that "[m]erely entering into a contract with a forum resident does not subject a nonresident to personal jurisdiction." *Quandel Grp. v. Chamberlin Co., Inc.,* 1999 WL 382878, at *2 (E.D.Pa. June 14, 1999) (citations omitted).  Rather, when assessing whether minimum contacts are present in a contract case, a court should look to "the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties." *Mellon Bank,* 960 F.2d at 1223.

Here, the Asset Purchase Agreement provided for the sale of Cumberland's intellectual property, and the rights associated therewith, to Plaintiff.  Those assets were located in Tennessee. The agreement did not provide for, or contemplate, Cumberland's or Patrick Poe's performance of any acts and/or services in Pennsylvania; it merely provided for the sale of Cumberland's intellectual property to Plaintiff.  Though the agreement contains a choice of law provision, selecting Pennsylvania law, no other terms of the agreement are directed at Pennsylvania.  The mere existence of a choice of law provision, however, does not establish jurisdiction, particularly where there is nothing else in the agreement to establish a connection with Pennsylvania.  *Quandel Grp.,* 1999 WL 382878, at *3; *see also Hampton-Meridian Grp., Inc. v. Venturella*, 2008 WL 2446697, at *6 (W.D. Pa. June 16, 2008) (holding that a choice of law provision, even combined with other contacts, was insufficient to establish specific jurisdiction over defendant).  In sum, the terms of the Asset Purchase Agreement themselves do not establish specific jurisdiction over Patrick Poe.

This Court next turns to Plaintiff's argument concerning Cumberland's/Patrick Poe's emails and telephone calls. Plaintiff correctly observes that telephone and email communications sent by Cumberland/Patrick Poe to a forum resident "may count toward the minimum contacts that support jurisdiction." *Grant Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993). The Third Circuit has repeatedly held, however, that "informational communications in furtherance of [a contract between a resident and a nonresident] [do] not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant].'" *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.,* 75 F.3d 147, 152 (3d Cir. 1996) (holding that where the only contacts with forum state were letters and phone calls to resident seller, nonresident was merely "passive buyer" and no personal jurisdiction existed) (internal quotations and citations omitted); *see also IMO Indus.,* 155 F.3d at 259 n.3 ("Minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of that state's court system."); *SMB Consulting & Investing LLC v. Apple Valley Waste Serv., Inc.*, 2011 WL 2937432, at *3 (E.D. Pa. July 21, 2011) (holding that defendant's mail and telephone communications with plaintiff in Pennsylvania were not sufficient to find personal jurisdiction, even in conjunction with defendant's contract with plaintiff that was executed in Pennsylvania).

Here, although Patrick Poe, on behalf of Cumberland, may have sent numerous emails and made several telephone calls in furtherance of the contract, Plaintiff has not asserted how those communications establish any kind of connection with Pennsylvania, other than the fact that Plaintiff received those communications in Pennsylvania. A plaintiff's presence in the forum state during phone or digital communications regarding a contract does not equate to defendant's reaching into the forum, even when the defendant is aware of the plaintiff's location in the forum.

*See Randall v. Davin*, 2013 WL 6191344, at *5 (W.D. Pa. Nov. 26, 2013) (holding that a defendant "cannot be found to have purposefully directed his activities at this jurisdiction by placing a cellular telephone call or sending an email when [defendant] had no control over whether [plaintiff] received it in Cleveland, Ohio, Pittsburgh, Pennsylvania, Knoxville, Tennessee, or somewhere else.").

Furthermore, Plaintiff has not alleged that any of its claims arise from any of these communications. Only when communications themselves form the basis of a plaintiff's claim will they be found to rise to the level of minimum contacts. *See Sunbelt,* 5 F.3d at 33 (finding appellee's telephone calls from Pennsylvania to Texas did not establish jurisdiction in Texas when the calls themselves were not the basis of the cause of action). That is not the case here. Plaintiff's contract claims arise out of purported breaches of various representations made in the agreement itself. As such, the unquantified and unsubstantiated communications surrounding the eventual execution of the Asset Purchase Agreement are insufficient to give this Court specific jurisdiction over Plaintiff's contact-based claims.

### Plaintiff's Tort Claims

Plaintiff argues that this Court has specific jurisdiction over Patrick Poe with regard to Plaintiff's tort claims because those claims "stem from the fact that Patrick Poe sold all intellectual property rights to the machines to Chant, including the drawings, and the fact that Patrick Poe, in an attempt to defend himself against the count of copyright infringement in the original Complaint, then denied that Chant's copyrights were valid." (Pltf. Resp., ECF 52, at p. 16). As set forth above, however, Cumberland's sale of its intellectual property rights to Plaintiff by way of the Asset Purchase Agreement is insufficient to create specific jurisdiction over Patrick Poe. Further, Plaintiff has provided no legal basis on which a defendant's denial in underlying litigation could

constitute a sufficient contact with the forum state to establish specific jurisdiction over a plaintiff's claims against that litigant.

Moreover, the allegations underlying Plaintiff's tort claims against Patrick Poe show that all of Patrick Poe's alleged conduct took place in, and/or was targeted at, Tennessee—not Pennsylvania. As alleged, Plaintiff's tort claims are premised on misrepresentations purportedly made by Cumberland/Patrick Poe in Tennessee when Mr. Chant was there visiting Cumberland's facility. It was during that visit that Cumberland/Patrick Poe purportedly provided the drawings upon which Plaintiff bases his misrepresentation claims. Thus, Plaintiff's tort claims do not arise out of any of Patrick Poe's contacts with Pennsylvania but, rather, arise out of contacts Patrick Poe had *in Tennessee* with a Pennsylvania resident. Under these facts, this Court lacks specific jurisdiction over Patrick Poe regarding Plaintiff's tort claims.

### *Calder Effects Test*

Although Plaintiff has failed to meet its burden of showing that Patrick Poe is subject to personal jurisdiction in this forum under the traditional minimum contacts test, this Court's analysis is not complete because Plaintiff has also alleged that Patrick Poe committed intentional torts. This Court must therefore apply the *Calder* effects test,[5] as articulated by the Third Circuit in *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998), to determine whether specific jurisdiction is proper over Patrick Poe for Plaintiff's intentional tort claims. Under the *Calder* effects test, specific jurisdiction exists over intentional tort claims where a plaintiff shows that: (1) the defendant committed an intentional act; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that act; and (3) the defendant expressly aimed its tortious conduct at the forum such that the

---

[5]     This test was first articulated by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984).

forum can be said to be the focal point of the activity.  *Id.* at 265-66; *see also Marten*, 499 F.3d at 297.

The *Calder* test is not satisfied by the "mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there."  *IMO Indus.*, 155 F.3d at 266.  Rather, a plaintiff must "point to other actions that adequately demonstrate [] that the defendants targeted (or 'expressly aimed' their conduct at) the forum."  *Id.*  "There is a critical difference between an act which has an effect in the forum and one directed at the forum itself . . . absent some conduct by defendant directed at Pennsylvania rather than simply directed at plaintiff, Pennsylvania is not a reasonably foreseeable forum."  *Surgical Laser Techs., Inc. v. C.R. Bard, Inc.,* 921 F. Supp. 281 (E.D. Pa. 1996) (granting motion to dismiss for lack of personal jurisdiction notwithstanding foreseeability of harm to plaintiff in Pennsylvania).  In addition, "[s]imply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement."  *IMO Indus.*, 155 F.3d at 265.

Typically, satisfying this test requires "some type of 'entry' into the forum by the defendant."  *Id.*  In cases involving intellectual property (like the case *sub judice*), the Third Circuit opined:

> In *Calder* as in all the other cases that have come to our attention in which jurisdiction over a suit involving intellectual property (when broadly defined to include reputation, so that it includes *Calder* itself) was upheld, the defendant had done more than brought about an injury to an interest located in a particular state.  The defendant had also "entered" the state in some fashion, as by the sale (in *Calder*) of the magazine containing the defamatory material.

*Id.* (quoting *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club*, 34 F.3d 410, 412 (7th Cir. 1994)).

Here, Plaintiff's intentional tort claims are premised on Plaintiff's allegation that Cumberland/Patrick Poe made a false representation in the Asset Purchase Agreement regarding ownership of the intellectual property represented in various drawings being sold to Plaintiff. (Am. Compl. ¶¶ 37, 83-84, 89). To satisfy the *Calder* test, Plaintiff argues that "Patrick Poe expressly targeted a Pennsylvania corporation by sending emails and edited drawings received by Chant in Pennsylvania; and by entering into an asset purchase agreement, promissory note, and guaranty agreement, which were formed under Pennsylvania laws." (Pltf. Resp., ECF 52, at p. 21). As shown by the allegations in Plaintiff's amended complaint and Mr. Chant's declaration, however, all of the conduct underlying Plaintiff's intentional tort claims occurred in and was directed at Tennessee.

Plaintiff's only reference to drawings in the amended complaint and Plaintiff's declaration refers to drawings made **before** execution of the Asset Purchase Agreement, which Plaintiff attests were given to him during one of his visits to Tennessee. (*See* Chant Decl. ¶ 8). As such, the "focal point" of the alleged tortious conduct was clearly Tennessee, not Pennsylvania. As repeatedly recognized, the *Calder* test is not met by simply showing that a defendant engaged in wrongful conduct with an entity known to be located in the forum state. *IMO Indus.*, 155 F.3d at 265. Rather, the defendant's conduct **itself** must be targeted at Pennsylvania. *Id.* Here, all alleged tortious conduct occurred in and was directed at Tennessee.[6]

Plaintiff's repeated reliance on emails purportedly sent to Plaintiff in Pennsylvania is also misplaced. As noted above, Plaintiff does not quantify or provide the substance of these emails. Instead, Plaintiff merely relies upon these alleged emails to argue that Patrick Poe knew that

---

[6]     In addition, and as discussed above, the fact that Cumberland/Patrick Poe entered into a contract or contracts governed by Pennsylvania law does not amount to conduct directed at Pennsylvania. *Quandrel, Grp.*, 1999 WL 382878, at *3.

Plaintiff "was talking to [Poe] from Pennsylvania and [he] was receiving and reading his emails in Pennsylvania."   (Chant Decl. ¶ 9).   Again, such knowledge alone is insufficient to meet the targeting requirements of the *Calder* test.   *Id.*   Moreover, Plaintiff alleges that the fraudulent misrepresentations were made in the Asset Purchase Agreement itself.   (*See* Am. Compl. ¶ 89). Nowhere does Plaintiff allege fraud premised on representations made in any emails targeted at Pennsylvania.   Moreover, without Plaintiff providing the substance of the emails, it cannot be said that they demonstrate Patrick Poe's "targeting of [Pennsylvania] as the situs of its tortious acts." *IMO Indus.*, 155 F.3d at 267.   As such, and as with Plaintiff's other claims, Plaintiff has not met its burden of establishing specific jurisdiction over Plaintiff's intentional tort claims against Patrick Poe.[7]

**CONCLUSION**

For the reasons set forth herein, Patrick Poe's motion to dismiss is granted.   An appropriate Order will follow this Memorandum Opinion.

*NITZA I. QUIÑONES ALEJANDRO*, U.S.D.C. J.

---

[7]   In its response, Plaintiff requests leave to conduct discovery targeted to the issue of personal jurisdiction.   No amount of discovery, however, could change the undisputed facts that Plaintiff's claims do not arise out of any of Patrick Poe's purported contacts with Pennsylvania.   As such, Plaintiff's request for discovery on this issue is denied.